# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00179-WYD-NYW

IT PORTFOLIO, INC., a Colorado Corporation,

    Plaintiff,

v.

NER DATA CORPORATION, a New Jersey Corporation,

    Defendant.

## ORDER

Magistrate Judge Nina Y. Wang

    This civil action comes before the court on Plaintiff IT Portfolio, Inc.'s ("Plaintiff" or "ITP") Motion for Leave to Conduct Third-Party Discovery (the "Motion"). [#43, filed Dec. 18, 2015]. Pursuant to the Order Referring Case date January 29, 2015 [#7], the Reassignment dated February 10, 2015 [#9], and the Memorandum dated December 21, 2015 [#44], the Motion is before this Magistrate Judge.

## BACKGROUND

    The claims in this case are for breach of contract and unjust enrichment stemming from actions associated with a Software Development and Assignment Agreement (the "Software Agreement") between Plaintiff ITP and Defendant NER Data Corporation ("Defendant" or "NER Data"). According to ITP, prior to 2009, it was the owner of software known as "Profit," which allows for the remote tracking of copiers and other office devices to facilitate automatic shipping of supplies and monitoring for maintenance. [#1 at ¶ 6]. NER is the owner and creator

of print management products designed to optimize data center infrastructure including the software "Printhelpline." [#1 at ¶ 7]. In an agreement dated October 1, 2005, ITP and NER Data contracted to combine ITP's Profit software and NER's Printhelpline software into a new product known as "Print4." [#1 at ¶ 8]. ITP and NER Data then executed the Software Agreement on January 1, 2009. [#1 at ¶ 9]. The Software Agreement obligated ITP to use its best efforts to develop, design and integrate the Print4 software and provide maintenance and training. [#1 at ¶ 11]. The Software Agreement also obligated NER Data to make monthly payments to ITP for specific percentages of NER Data's adjusted gross sales of the Print4 software and for development services. [#1 at ¶ 12; #11 at p. 11, ¶ 9].

According to ITP, NER Data performed its obligations under the contract from January 2009 through April 2014; however, ITP alleges that starting in May 2014, NER Data failed to perform its obligations and make the required payments under the Software Agreement. [#1 at ¶¶ 13-20]. Accordingly, on January 26, 2015, ITP brought the present suit, which includes claims for breach of contract, implied contract, and unjust enrichment. *See generally* [#1]. NER Data responded to the Complaint with counterclaims for breach of contract, declaratory judgment, and setoff, alleging that ITP overcharged NER Data in its invoices for amounts owed under the Software Agreement and failed to perform the development and support obligations under the Software Agreement. *See* [#11 at 9-18].

Under the Scheduling Order in this case, the close of fact discovery was November 6, 2015. [#20]. On November 5, 2015, the court extended that deadline to December 21, 2015 for the sole purpose of allowing Defendant to respond to outstanding discovery and for 30(b)(6)

depositions to occur. [#36]. The court also set a further Status Conference for December 14, 2015.

During the December 14, 2015 Status Conference, the Parties and the court addressed an issue that had come to light regarding NER Data's sale of the Print4 software to a third party, Atlantic Tomorrow's Office. *See* [#42]. The court granted leave to ITP to file a motion for third-party discovery from Atlantic Tomorrow's Office pertaining to this sale on or before December 18, 2015. [*Id.*]. In compliance with the court's instruction, ITP filed the present Motion. [#43]. ITP requests that the court enter an order permitting ITP to pursue third-party discovery from Atlantic Tomorrow's Office, including proposed subpoenas for documents and a deposition. *See* [#43-1]; [#43-2]. ITP alleges that it learned in the course of this litigation that this sale occurred, and the first time the sale was confirmed was during a December 11, 2015 telephone conference between ITP's counsel and NER Data's new counsel. [*Id.* at 1-2]. ITP alleges that permitting it to obtain third-party discovery from Atlantic Tomorrow's Office after the discovery cutoff is necessary because it was unable to obtain this discovery from NER Data through discovery. [*Id.* at 2].

## LEGAL STANDARD

Fed. R. Civ. P. 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (citing *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)). This burden is satisfied, for example, when a party learns of new information in a

deposition or that the governing law has changed. *Id.* "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).

## ANALYSIS

Plaintiff ITP argues that third-party discovery is necessary because NER Data has not provided it relevant information pertaining to NER Data's sale of the Print4 software to Atlantic. ITP asserts that this discovery is necessary to its claims and defenses. For example, one of NER Data's arguments in the case is that the Print4 software was deficient in certain respects. ITP's proposed third-party discovery therefore pertains to issues that include NER Data's representations to Atlantic Tomorrow's Office regarding whether the software was, indeed, flawed and deficient.

As ITP states in its Motion, it is unaware of when the sale of the Print4 software took place, but it is believed to have taken place sometime in October. *See* [#43 at 4]. In any event, the Parties do not dispute that the sale took place after the entry of the Scheduling Order in this case. Moreover, the court agrees with ITP that had NER Data not completely failed to respond to *any* discovery requests prior to the original close of fact discovery, then the present Motion might not have been necessary. Accordingly, the court finds that on the facts before it and given the Parties' conduct during discovery in this case that good cause exists for ITP's request to pursue third party discovery after the close of fact discovery.

The court notes that ITP filed the Motion prior to NER Data's December 21 deadline to respond to discovery and prior to taking the 30(b)(6) and individual depositions of NER Data

and associated individuals. The court also notes that information pertaining to the sale of the Print4 software is contained in the Affidavit of Stephen Oatway attached to NER Data's response in opposition to the Motion. *See* [#45-1]. Accordingly, ITP may now possess the discovery it believes is necessary regarding the sale of the Print4 software to Atlantic Tomorrow's Office. Nevertheless, to the extent that NER Data refused to or was unable to provide the relevant information pertaining to this sale, the court will granted ITP leave to conduct limited third party discovery. ITP is granted leave to serve the proposed subpoena on Atlantic Tomorrow's Office for the production of documents reflected in [#43-1]. However, at this time the court will not grant ITP's request to serve a deposition subpoena on Atlantic Tomorrow's Office. Should ITP wish to conduct a deposition of Atlantic Tomorrow, it must specifically articulate the topics on which it wishes to inquire and why such a deposition would not be cumulative of other discovery in this case.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

(1)     Plaintiff's Motion for Leave to Conduct Third-Party Discovery [#43] is **GRANTED IN PART** and **DENIED IN PART;** and

(2)     Plaintiff may serve a subpoena for documents upon Atlantic Tomorrow in conformance with Rule 45 of the Federal Rules of Civil Procedure no later than **April 27, 2016**.

DATED: April 20, 2016                                             BY THE COURT:

                                                                                    s/Nina Y. Wang_____
                                                                                    United States Magistrate Judge